IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHNNY PHAM, ANH THUY VO,    §
KIM VAN BUI as next friend of    §
SKB and BDB, minors,    §
   §
      Plaintiffs,    §
   §    Case No. 3:19-cv-00738-C
v.    §
   §
TRANSAMERICA LIFE INSURANCE    §
COMPANY,    §
   §
      Defendant.    §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this removed civil action for breach of a life insurance policy and violations of the Texas Insurance Code and the Texas Prompt Payment of Claims Act, Plaintiffs have filed a motion seeking Court approval of their Settlement Agreement with Defendant Transamerica Life Insurance Company. After considering the Motion, the guardian ad litem's report, and the parties' arguments presented at a hearing on May 24, 2022, the undersigned recommends that the District Court GRANT the Motion (ECF No. 36), approve the parties' Settlement Agreement, and dismiss the case with prejudice.

In January 2018, Bich Pham applied for life insurance coverage from Transamerica. *Pham v. TransAmerica Premier Life Ins. Co.*, 20 F.4th 921, 923 (5th Cir. 2021). She paid the first premium to her insurance agent, and she received

1

a "conditional receipt" providing temporary coverage contingent upon the satisfaction of certain conditions. *Id.* The next month, Transamerica informed Bich that she could only be insured at a lesser amount. *Id.* Accordingly, Bich signed a supplemental application reflecting that lesser amount. *Id.* In March, Transamerica notified Bich's insurance agent that it had approved her application for the lesser coverage amount. *Id.* But Bich died before the Policy was delivered to her. *Id.*

Bich's intended beneficiaries, her father Johnny Pham and her two minor children who are represented in this litigation by their father, Kim Van Bui, as next friend (Pham and Bui as next friend, together, Plaintiffs), sought benefits under the policy. *Id.* When Transamerica denied the claim, Plaintiffs filed this lawsuit in Texas court. *See generally* Not. of Rem. (ECF No. 1). Transamerica removed the case to federal court and, later, moved for summary judgment on all of Plaintiffs' claims. *Id.*; Def.'s Mot. (ECF No. 19). The district court granted summary judgment in favor of Transamerica, and Plaintiffs appealed. The Fifth Circuit Court of Appeals reversed. *Pham*, 20 F.4th at 923.

Following the remand to district court, the parties settled at mediation and entered into a Confidential Settlement and Release Agreement. The parties presented that settlement agreement to the Court for *in camera* review. The Court then referred the matter to the undersigned magistrate judge who appointed a guardian ad litem to represent the best interest of the minor children and to conduct a hearing on the parties' motion seeking Court approval of their settlement

agreement. *See* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.").

The undersigned appointed attorney Seth Phillips guardian ad litem.[1] And Mr. Phillips provided the Court with a comprehensive report. On May 24, 2022, counsel for Plaintiffs and Defendant appeared and argued the motion seeking approval of their settlement agreement. The guardian ad litem participated as well. Plaintiffs' counsel made a proffer in support of one provision in the settlement to which the guardian ad litem had reservations.

After hearing the arguments of counsel, observing the evidence presented at the hearing, reviewing the guardian ad litem's report, and having considered the agreed settlement, the undersigned finds the agreed settlement is appropriate and in the best interest of the minor children. Accordingly, the Court should grant Plaintiffs' motion, approve the parties' Settlement Agreement, and dismiss the case with prejudice.

**SO RECOMMENDED.**

May 26, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Phillips is an attorney licensed in the state of Texas currently certified by the State Bar of Texas to serve as a guardian ad litem through March 26, 2023, and he is admitted to practice before this Court.